IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT GARY MOORE,

    Plaintiff,

v.

WARDEN RONALD WEBER, et al.,

    Defendants.

Civil Action No.: 23-cv-3430-LKG

Dated: July 16, 2025

### MEMORANDUM

Self-represented Plaintiff Robert Gary Moore, who is currently incarcerated at Western Correctional Institution ("WCI"), filed his Amended Complaint and Supplements in this civil rights action against Warden Ronald Weber; Commissioner Phillip Morgan; Masoud Djahanmir, MD; Asresahegn Getachew, MD; Sanyo Adebayo, RN; Janette Clark, NP; YesCare Corp.; and Maggie Akyeampomaa.[1] ECF Nos. 4, 6, 9, 16, 20. On November 1, 2024, Defendants Weber and Morgan (the "State Defendants") moved for dismissal or, in the alternative, for summary judgment in their favor. ECF No. 25. Moore moved for summary judgment in his favor on November 15, 2024. ECF Nos. 27, 30. Moore did not otherwise respond to the State Defendants' Motion. For the reasons discussed below, the State Defendants' Motion is granted, and Moore's Motion is denied without prejudice.

### I.    BACKGROUND

As to the State Defendants, Moore alleges that Warden Weber and Commissioner Morgan were aware that he was not receiving his blood thinner medications, and both failed to intervene on his behalf. ECF No. 4 at 6. He states that both knew he "<u>must</u> be provided with blood monitoring on an [sic] biweekly or weekly" basis. ECF No. 6 at 1. Moore asserts that he had not been tested once while incarcerated at WCI. *Id.* Moore also contends that the State Defendants "should have known due to their profession that if Plaintiff's blood count is too thin (low), then Plaintiff will bleed out, and if the Plaintiff's blood count is too thick (high), it could cause clots to the heart or brain causing immediate <u>death</u>!" ECF No. 9 at 1.

---

[1] The Clerk will be directed to amend the docket to reflect Defendants' full and correct names.

Moore filed three grievances ("ARPs") regarding these allegations: WCI-1189-22, WCI-1435-22, and WCI-0425-23. *See* ECF No. 25-4 at 2-3. ARP WCI-1435-22 was noted as duplicative of ARP WCI-1189-22. *Id.* at 2. Kristina Donnelly, Special Assistant to the Director of Patuxent Institution, attests that a search of the available records did not show that Moore appealed either ARP WCI-1189-22 or WCI-0425-23. *Id.* at 1, ¶ 3. The former was dismissed by the Warden, but the latter was found meritorious in part. *Id.* at 13, 28. Because Moore did not appeal either of these decisions, the State Defendants assert that Moore failed to exhaust his administrative remedies prior to filing this suit, and therefore the Amended Complaint must be dismissed against them.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim…However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

The State Defendants' Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. ECF No. 25. Motions styled in this manner implicate the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the Court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261. Because the State Defendants' Motion is styled as a motion to dismiss, or in the alternative, for summary judgment, Moore was on notice that the Court could treat it as one for summary judgment and rule on that basis.

2

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Henry v. Purnell*, 652 F.3d 524, 548 (4th Cir. 2011)). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

A court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). The Court is mindful that Moore is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). A court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

### III. DISCUSSION

#### a. State Defendants' Motion

The State Defendants raise the affirmative defense that Moore has failed to exhaust his administrative remedies. If Moore's claim has not been properly presented through the administrative remedy procedure, it must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The Prisoner Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

3

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215–216 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust before this Court will hear the claim. *See Jones*, 549 U.S. at 215–16; *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005). Because the Court may not consider an unexhausted claim, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Id.* (*citing Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the Court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 635. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F.3d at 1225); *Kaba*, 458 F.3d at 684.

The Maryland Department of Public Safety and Correctional Services ("DPSCS") has established the Administrative Remedy Procedure ("ARP") for use by Maryland State prisoners for "inmate complaint resolution." *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), §§ 10-201 *et seq*.; Md. Code Regs. ("COMAR") 12.07.01B(1) (defining ARP). The grievance procedure applies to the submission of "grievance[s] against … official[s] or employee[s] of the Division of Correction." C.S. § 10-206(a).

The ARP process consists of multiple steps. For the first step, a prisoner is required to file his initial ARP with his facility's "managing official" COMAR 12.02.28.05(D)(1), which is defined by COMAR 12.02.28.02(B)(14) as "the warden or other individual responsible for

4

management of the correctional facility" and defined under C.S. § 1-101(m) "as the administrator, director, warden, superintendent, sheriff, or other individual responsible for the management of a correctional facility." Moreover, the ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the prisoner first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR 12.02.28.09(B).

The second step in the ARP process occurs if the managing official denies a prisoner's initial ARP or fails to respond to the ARP within the established time frame. The prisoner has 30 days to file an appeal to the Commissioner of Corrections. COMAR 12.02.28.14(B)(5).

If the Commissioner of Correction denies an appeal, the prisoner has 30 days to file a grievance with the Inmate Grievance Office ("IGO").[2] COMAR 12.02.28.18; C.S. § 10-206(a); COMAR 12.07.01.05(B). When filing with the IGO, a prisoner is required to include copies of the following: the initial request for administrative remedy, the warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04(B)(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing." C.S. § 10-207(b)(1); *see also* COMAR 12.07.01.06(B). An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii). However, if a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge with the Maryland Office of Administrative Hearings. *See* C.S. § 10-208; COMAR 12.07.01.07-.08. The conduct of such hearings is governed by statute. *See* C.S. § 10-208; COMAR 12.07.01.07(D); *see also* Md. Code Ann., State Gov't § 10-206(a)(1).

Here, while Moore filed ARPs in 2022 and 2023 asserting that he was not receiving his medications as needed, there is nothing in the record showing that he appealed the Warden's decisions to the Commissioner of Correction or IGO as required. Moore does not put forth anything to the contrary. Thus, based on the provided information, the Court finds that Moore has not exhausted his administrative remedies for the claims he alleges against the State Defendants. Therefore, the State Defendants' Motion will be granted, and the Amended Complaint against them will be dismissed without prejudice. Because the Amended Complaint

---

[2] If the Commissioner fails to respond, the grievant shall file their appeal within 30 days of the date the response was due. COMAR 12.07.01.05(B)(2).

must be dismissed, to the extent Moore moved for summary judgment in his favor against the State Defendants, his Motion is denied.

### b. Medical Defendants

Defendants Djahanmir, Getachew, Clark, Adebayo, and YesCare Corp. (the "YesCare Defendants") filed an Answer on May 19, 2025. ECF No. 50. Moore filed a response (ECF No. 51) which the YesCare Defendants now move to strike. ECF Nos. 52, 53. They assert that this is an improper pleading not recognized by the Federal Rules of Civil Procedure. ECF No. 52 at 1. Additionally, they argue that Moore seeks summary judgment in the pleading which is premature and inappropriate in the current posture. *Id.* at 2.

Pursuant to Federal Rule of Civil Procedure 7(a), the permissible pleadings are a complaint, answer to a complaint, a counterclaim, a crossclaim, a third-party complaint, and, if ordered by the Court, a reply to an answer. The YesCare Defendants argue that a response to an answer, which is how Moore styled his pleading, is not amongst the enumerated pleadings in Rule 7. However, it is clear to the Court that, liberally construed, Moore's filing would be considered a reply to an answer. Still, no reply was ordered by the Court. Furthermore, the Court agrees that this is not the appropriate juncture for Moore to seek summary judgment in his favor. Following completion of service, this case will likely proceed to discovery, after which the parties will be directed to file the appropriate dispositive motions. Finding no need for a reply to the Answer, the Court will grant the YesCare Defendants' Motion, and the response will be stricken. The Court will deny Moore's motion for summary judgment, as it pertains to the YesCare Defendants, without prejudice.[3]

Finally, on July 10, 2025, the U.S. Marshal returned a summons for Defendant Akyeampomaa unexecuted, noting that the U.S. Postal Service was unable to locate or track the certified mail package sent to the address provided for Defendant Akyeampomaa. ECF No. 54. The Clerk will be instructed to reissue a summons and forward it, along with the corresponding service of process form, to the U.S. Marshal for a second attempt at service.

### IV. CONCLUSION

For the foregoing reasons, the State Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is GRANTED, and the Amended Complaint as supplemented is

---

[3] The Court notes that Defendant Akyeampomaa has not yet been served, and therefore it is premature for Moore to seek summary judgment against her.

6

dismissed without prejudice against them for failure to exhaust administrative remedies. Moore's Motion for Summary Judgment is DENIED, and the YesCare Defendants' Motion to Strike is GRANTED.

A separate Order follows.

July 16, 2025
Date

LYDIA KAY GRIGGSBY
United States District Judge